**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

BENJAMIN HOLLY,

           Plaintiff,

    v.

NYE COUNTY SHERIFF'S DEPT.,

           Defendant.

Case No. 2:16-cv-02640-JCM-CWH

**SCREENING ORDER AND
REPORT AND RECOMMENDATION**

       Pro se plaintiff Benjamin Holly brings this civil-rights case under 42 U.S.C. § 1983 for events that occurred when members of the Nye County Sheriff's Department allegedly broke into his trailer without a warrant. Holly moves to proceed *in forma pauperis*. (IFP Application (ECF No. 6).) Holly submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Holly's request to proceed *in forma pauperis* therefore will be granted. The court now screens Holly's complaint (ECF No. 1-1, ECF No. 4) as required by 28 U.S.C. § 1915(e)(2).

**I.     ANALYSIS**

     **A.  Screening standard**

       Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

1   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints

2   and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts

3   in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908

4   (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

5          In considering whether the complaint is sufficient to state a claim, all allegations of

6   material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler*

7   *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

8   Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

9   must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

10  544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*

11  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

12  plaintiff should be given leave to amend the complaint with notice regarding the complaint's

13  deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

14          **B.  Screening the complaint**

15          Holly alleges that on September 27, 2016, deputies of the Nye County Sheriff's

16  Department broke into his trailer without a warrant, resulting in the trailer's door being broken

17  and having to be replaced.  (Compl. (ECF No. 3-1) at 4; Supp. to compl. (ECF No. 4) at 1.)

18  Although Holly's complaint is somewhat difficult to read, it appears to the court that the deputies

19  were Deputy Anderson and "deputy name unknown."  (Compl. (ECF No. 3-1) at 2.)  Holly also

20  states the deputies violated his civil rights by acting in a racist and verbally and physically

21  aggressive manner and by filing a false report.  (*Id.* at 2-4).

22          Holly states that he previously has filed an action in this court, 2:16-cv-02607-JAD-VCF,

23  which involved facts and issues that are the "same as I listed in this case."  (Supp. to Compl.

24  (ECF No. 4) at 3.)  A comparison of the complaint in this case and the amended complaint in

25  2:16-cv-02607-JAD-VCF indicates the claims and parties are nearly identical.  In the other case,

26  Holly brings claims against deputies Anderson and Marshell of the Nye County Sheriff's

27  Department for breaking into his home on September 27, 2016, resulting in damage to the front

28  door.  (Am. Compl. (ECF No. 9) in 2:16-cv-02607-JAD-VCF.)  He also makes almost identical

1    allegations that the deputies acted in a racist and aggressive manner towards him.  (*Id.*)  In 2:16-

2    cv-02607-JAD-VCF, the court dismissed Holly's case with prejudice for failure to state a claim.

3    (Order (ECF No. 12) in 2:16-cv-02607-JAD-VCF.)

4         Claim preclusion is a doctrine that "provides that a final judgment on the merits bars

5    further claims by parties or their privies based on the same cause of action."  *Tahoe–Sierra Pres.*

6    *Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quotation

7    omitted).  The doctrine is applicable when there is "(1) an identity of claims, (2) a final judgment

8    on the merits, and (3) privity between parties."  *Id.* (quotation omitted).  Dismissal with prejudice

9    under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.  18 James Wm.

10   Moore et al., Moore's Federal Practice § 131.30[3][e] (3d. ed. 2011) (citing *Gasho v. United*

11   *States*, 39 F.3d 1420, 1438 n.17 (9th Cir. 1994)).

12        Here, the court finds that claim preclusion applies to this matter.  Claim preclusion bars

13   re-litigation of the matter because Holly, the Nye County Sheriff's Department, and Deputy

14   Anderson are all parties to this and the previous matter in this district.  Although Deputy Marshell

15   is not named in this case, there is a "deputy name unknown" who is sued in this case.  Given that

16   both cases involve the same incident on the same date, it is possible the "deputy name unknown"

17   in this case is Deputy Marshell in the previous case.  Significantly, the court notes that the

18   amended complaint in 2:16-cv-02607-JAC-VCF was filed on January 18, 2017—after the

19   complaint in this case—and Deputy Marshell was added to that case for the first time in the

20   amended complaint.  Thus, it appears to the court Holly may have learned the identify of the

21   unknown deputy between the time he filed the complaint in this case and the amended complaint

22   in 2:16-cv-02607-JAD-VCF.

23        Further, both cases are based on the same event—Nye County Sheriff's deputies breaking

24   into Holly's home on September 27, 2016.  Holly explicitly states in his complaint in this case

25   that it involves the same facts and issues as his previous case.  The court dismissed with prejudice

26   the previous case, which constitutes a final judgment on the merits.  Given that this court has

27   already issued a judgment on the merits regarding these parties, events, and claims, the

28

1  undersigned will recommend that this case be dismissed with prejudice under the doctrine of

2  claim preclusion.

3  **II.    CONCLUSION**

4       IT IS THEREFORE ORDERED that Holly's application to proceed *in forma pauperis*

5  (ECF No. 6) is GRANTED.  Holly will not be required to pay the filing fee in this action.  Holly

6  is permitted to maintain this action to conclusion without the necessity of prepayment of any

7  additional fees or costs or the giving of a security for fees or costs.

8       IT IS FURTHER ORDERED that the clerk of court must file Holly's complaint (ECF No.

9  3-1).

10       IT IS RECOMMENDED that this case be dismissed with prejudice under the doctrine of

11  claim preclusion.

12  **III.    NOTICE**

13       This report and recommendation is submitted to the United States district judge assigned

14  to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

15  may file a written objection supported by points and authorities within fourteen days of being

16  served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

17  objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

18  1153, 1157 (9th Cir. 1991).

20  DATED: July 10, 2019

22  C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE